**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ALLEGRA HOLDINGS, LLC, ALLEGRA NETWORK, LLC,**

        **Plaintiffs,**

**-vs-**                                            **Case No.  6:06-cv-1483-Orl-28DAB**

**DAVID R. NELSON, CHERYL NELSON,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   **PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND COSTS (Doc. No. 48)**
>
> **FILED:**    **August 17, 2007**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

Plaintiff Allegra Holdings, LLC, Allegra Network, LLC, sued Defendants David R. Nelson, Cheryl Nelson, alleging trademark infringement and false advertising for Defendants' continued use of Plaintiff's "SIGNS NOW" registered trademarks after Defendants' default on the parties' franchise agreement. Doc. No. 1. Plaintiffs filed their Motion for Default Judgment[1] against Defendant David

---

[1] Plaintiffs filed their Motion for Preliminary Injunction against Defendants on October 8, 2006. Doc. No. 9.

R. Nelson on November 5, 2006 following the clerk's entry of default[2]. Doc. No. 15, 18. On December 28, 2006, Judge Antoon entered a permanent injunction prohibiting Defendants' use or display of Plaintiffs' marks and enforcing certain post-termination covenants in the parties' franchise agreement. Doc. Nos. 21-23.

After entry of the preliminary injunction, upon Plaintiffs' motion, Judge Antoon ordered Defendant David Nelson to show cause why he should not be sanctioned for violating the permanent injunction. Doc. Nos. 22; 30. David Nelson responded that he was "unaware of the injunction" and "unaware of its terms." Doc. No. 33. The matter came on for hearing on May 11, 2007 and Judge Antoon found David Nelson had received notice of the injunction and he was in contempt. Doc. No. 34, 37. During the hearing, Judge Antoon admonished Nelson that sanctions would be imposed if he did not comply with the permanent injunction. Doc. No. 37, 38. In an Order entered on May 18, 2007, Judge Antoon awarded Plaintiffs their reasonable attorneys' fees incurred in seeking David Nelson's compliance with the permanent injunction, with the amount to be determined by the Magistrate Judge, consistent with Plaintiffs' counsel's estimate of four to five hours of time. Doc. No. 38.

Based on David Nelson's continued non-compliance, Plaintiffs sought further sanctions on June 19, 2007. Doc. No. 39. A *second* show cause hearing was held on July 9, 2007, at which Judge Antoon found for a *second* time that Defendant had not complied with the Court's previous order and awarded Plaintiffs' attorney's fees and costs incurred in seeking Nelson's compliance with the permanent injunction, in addition to extending the permanent injunction until July 5, 2009. Doc. No.

---

[2]Plaintiffs filed proof of service executed on David Nelson on October 10, 2006. Doc. No. 11. The return of service was unexecuted as to Cheryl Nelson. Doc. No. 19.

45. On August 6, 2007, Plaintiffs' counsel notified the Court that Defendant David Nelson had complied with the Court's orders and no further proceedings were necessary on the contempt issue. Doc. No. 46.

**Analysis**

Judge Antoon has already determined that Plaintiffs are entitled to fees for enforcement of the injunction. This Court is to determine the reasonableness of the amount of time spent and a reasonable rate. Plaintiffs seek attorney's fees of $6,312.50 and costs of $173.30 for work performed in the contempt proceedings. Defendant David Nelson has not filed a response.

The supporting affidavit reflects that Plaintiffs sought Defendant David Nelson's compliance with the December 28, 2006 permanent injunction entered by Judge Antoon from May to July, 2007, accruing roughly 12.5 total hours in the process for the time spent by Mr. Burden, a "twelve year partner."[3] The Court agrees that the amount of time devoted is not unreasonable under the circumstances of this case.

However, the hourly rate of $505 that Plaintiffs seek for Mr. Burden's services is excessive. Mr. Burden typically charges his clients $505 per hour for work based on his twelve years of commercial litigation experience, more than fifty percent of which has been in the representation of franchisors in disputes with franchisees. This case was routine and ultimately unopposed. Overall, the expertise required to prepare, file and serve the trademark infringement complaint and obtain a default judgment on that complaint did not require someone of Mr. Burden's experience and could have been handled by associates at a more economical rate. Likewise, the work to enforce the terms

---

[3]The Court understands this ambiguous phrase to mean that Mr. Burden is a partner of his firm and has 12 years of experience, not that he has been a partner for 12 years.

of the injunction was routine.  Moreover, Plaintiffs have not submitted any evidence (other than Mr. Burden's opinion)  that the hourly rate was reasonable for litigation such as this case in the *Orlando* legal market.  Doc. No. 48-2.  Thus, the Court declines to award Plaintiffs the full $6,312.50 Plaintiffs have requested.

The record reflects a straightforward case, requiring no particular level of expertise above and beyond that expected of any member of this bar. Courts in this district and division routinely award $250 an hour for similar work in such cases, and there is no evidence as to why Plaintiffs' counsel should be compensated at a higher rate.

Accordingly, it is respectfully **RECOMMENDED** that Plaintiffs be awarded attorney's fees of **$3,125** as an award of reasonable attorney's fees.

With respect to costs, Plaintiff is limited to those items specified in 28 U.S.C. § 1920. Plaintiffs have not cited any authority for taxing as costs the outside investigative services or UCC searches.  Therefore, it is respectfully **RECOMMENDED** that Plaintiffs request for costs be denied.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on September 28, 2007.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy